# Exhibit F

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JEAN-PAUL CIARDULLO, CA Bar No. 284170
    jciardullo@foley.com
ASHLEY M. KOLEY, CA Bar No. 334723
    akoley@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

JONATHAN MOSKIN (*Pro Hac Vice*)
NY Bar No. 1949031
    jmoskin@foley.com
**FOLEY & LARDNER LLP**
90 PARK AVENUE
NEW YORK, NY 10016
TELEPHONE:  212.682.7474
FACSIMILE:   212.687.2329

*Attorneys for Defendant*
*ZURU, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC<br><br>                    *Plaintiffs*,<br><br>        v.<br><br>ZURU, LLC,<br><br>                    *Defendant*. | Case No. 2:23-cv-09255 MCS(AGRx)<br><br>**ZURU, LLC's FIRST SET OF INTERROGATORIES TO KELLY TOYS HOLDINGS, LLC**<br><br>**(Nos. 1-10)**<br><br>Hon. Mark C. Scarsi |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Zuru, LLC ("Zuru") hereby requests that Plaintiff Kelly Toys Holdings, LLC respond to the following interrogatories (also sometimes referred to herein as "Requests").

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1.      "Plaintiff" or "You(r)" refers to Plaintiff Kelly Toys Holdings, LLC, and encompasses those managers and affiliates who are in possession, custody, or control of documents or things belonging to Kelly Toys Holdings, LLC. "Plaintiff" and "You(r)" also encompasses predecessor entities such as Kellytoy Worldwide, Inc., Kellytoy USA, Inc., and any other predecessor entity that has sold Squishmallows or claimed intellectual property rights in Squishmallows.

2.      "Plaintiffs" refers collectively to Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC, and encompasses those managers and affiliates who are in possession, custody, or control of documents or things belonging to Plaintiffs, or of Plaintiffs' business records. "Plaintiffs" also encompasses predecessor entities such as Kellytoy Worldwide, Inc., Kellytoy USA, Inc., and any other predecessor entity that has sold Squishmallows or claimed intellectual property rights in Squishmallows.

3.      "Litigation" or "Action" or "Lawsuit" refers to this case, No. 2:23-cv-09255.

4.      "Squishmallow(s)" as used herein refers to plush toys sold under the Squishmallows brand name.

5.      "Accused Products" means all the Zuru products accused of infringement in Plaintiffs' First Amended Complaint and any further amendments that may follow thereafter.

6.      "Snackles" refers the line of Zuru products referenced in the First Amended

ZURU INTERROGATORIES – SET ONE
CASE NO. 2:23-CV-09255 MCS(AGRX)

Complaint and any subsequent products that may have become part of that product line.

7.    "Asserted Copyrights" refers to the copyright registrations asserted in all the complaints that Plaintiffs have filed in this action, as well as any copyright applications pending for any other Squishmallow designs shown in all complaints that Plaintiffs have filed in this action.

8.    "Claimed Trade Dress" means the purported trade dress Plaintiffs purport to define in their First Amended Complaint in this Action, and in any other pleading or written representation in this Action.

9.    "Other Squishmallow Cases" means:

- N.D. Ill. Case No. 1:2020-cv-00748 (*Kellytoy Worldwide, Inc. et al v. TY, Inc. et al*.);

- C.D. Cal. Case 2:18-cv-05399 (*Kellytoy USA, Inc., et al. v. Dan-Dee International, Ltd., et al*.);

- C.D. Cal. Case No. 2:2019-cv-07652 (*Kellytoy Worldwide, Inc. v. Hugfun, International, Inc. et al*.);

- C.D. Cal. Case No. 2:24-cv-01169 (*Kelly Toys Holdings et al. v. Build-a-Bear Workshop*);

- E.D. Mo. Case No. 4:24-cv-00211 (*Build-a-Bear Workshop v. Kelly Toys Holdings*);

- Florida State Court Case (Broward County) No. CACE-24-001221 (*Kelly Toys Holdings et al. v. Build-a-Bear Workshop*);

- Any other state or federal litigation in which a defendant appeared and filed a responsive pleading or motion relating to Squishmallows;

- Any other state or federal litigation in which a settlement was reached with a defendant relating to Squishmallows.

10.    "Retailer" means a company that sells (or arranges sales) directly to end consumers. This includes, for example, Amazon, Target, and Walmart. It also includes any

ZURU INTERROGATORIES – SET ONE
CASE NO. 2:23-CV-09255 MCS(AGRX)

of Plaintiffs who sell directly to end consumers.

11.    "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on a person's behalf.

12.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium; electronic documents including but not limited to Microsoft Word files, Microsoft Excel files, PDF files, CAD filed, and so forth; text messages; messages sent via messaging applications such as WhatsApp and others; work collaboration communications platforms such as Slack and Microsoft Teams; voicemails and voicemail transcriptions; meeting invitations; and all other forms of writings. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing. "Document(s)" includes "Communications" as defined below.

13.    "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form, including but not limited to emails, letters, text messages, other messaging applications implemented via mobile devices or computers, voicemails, etc.

14.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

15.    Thing(s)" has the broadest possible meaning permitted by Federal Rules of

ZURU INTERROGATORIES – SET ONE
CASE NO. 2:23-CV-09255 MCS(AGRX)

Civil Procedure 26 and 34 and the relevant case law.

16.  "Date(s)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

17.  "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

18.  The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

19.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

20.  The term "all" is to be construed to mean "any" and "each" and vice versa.

21.  "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

22.  "Identify" / "Identification" means (1) when referring to a Person, the Person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to a company, the last known name, address, and contact information for that company, including the name and last known contact information for any the manager of that company and any person at that company with whom you have previously communicated with as a point of contact for that company, (3) when referring to Documents and Communications, the production number or type of Document, its general nature and subject matter, Date of creation, and all author(s), addresses(s), and recipient(s); (4) when referring to a source or thing, sufficient information to identify the location, ownership, and nature of such source or thing. "Identify" shall be afforded the meaning provided here regardless of whether the word is

capitalized or not.

23. "Describe" and "describe in detail" and "explain in detail," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means (a) to state the date and place thereof; (b) to identify the individual participants, why they were involved, and what their roles were; (c) to summarize separately for each individual participant what he/she said or did; (d) to identify each document used or prepared in connection therewith or making any reference thereto, (e) to explain the starting and ending conditions of the relevant event or communication, and explain what changed as a result of the occurrence, or what conclusions or resolutions were reached, and (e) more generally, to provide such detail as to fully and thoroughly inform the reader of what transpired. "Describe" and "describe in detail" and "explain in detail" with respect to any factual or legal argument means to supply all facts that you contend support the argument, as well as an identification of all legal theories, statutes, and representative case law that you intend to rely upon. If there is a case or cases that you believe are particularly on-point or important to your position, provide pin citations to those. "Describe" and "describe in detail" and "explain in detail" shall be afforded the meaning provided here regardless of whether the word is capitalized or not.

24. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

## INSTRUCTIONS

The following instructions shall apply to all the below Requests and should be considered part of each Request:

1. Where a Request seeks information pertaining to any plaintiff other than Kelly Toys Holdings, LLC, Kelly Toys Holdings, LLC should respond with all information in its own possession and those of its managers and agents.

2.     If You are withholding or intend to withhold any information, Documents, or communications requested by a Request subject to a claim of privilege or otherwise, You are requested to state the basis for withholding the information in a manner sufficient to enable Defendants and the Court to adjudicate the validity of its withholding.

3.     If you do not have information responsive to a given Request but know or suspect the identity of another person or company that does have that information, please IDENTIFY such other person or company in your response and explain what information you know or expect them to have.

4.     If You contend that any Request is objectionable in whole or in part, You shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Request insofar as it is not deemed objectionable. Please then respond notwithstanding any objections if you are able, or respond to the balance of any Request that you do not object to.

5.     If You find the meaning of any term in these Requests unclear or ambiguous, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

6.     None of the Definitions or Requests set forth above shall be construed as an admission of the existence of evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

7.     These Requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

ZURU INTERROGATORIES – SET ONE
CASE NO. 2:23-CV-09255 MCS(AGRX)

# INTERROGATORIES

**INTERROGATORY NO. 1.**   IDENTIFY all Zuru products that Plaintiffs contend infringe upon Plaintiffs' intellectual property rights, and EXPLAIN IN DETAIL all legal and factual bases for those assertions of infringement.

**INTERROGATORY NO. 2.**  IDENTIFY and EXPLAIN IN DETAIL all categories of remedies that you purport to seek in this action, including your purported legal and factual justification for entitlement to each of such remedies, and a method of calculation and calculation of all categories of monetary remedies you claim to seek.

**INTERROGATORY NO. 3.**   EXPLAIN IN DETAIL the separate roles of each Plaintiff (and any of their corporate affiliates) in the design, production, management, sales, marketing, branding, and advertising of Squishmallows. Your explanation should specifically include (but not be limited to), which Plaintiffs design Squishmallows, which entities are responsible for manufacturing Squishmallows, and which entities sell Squishmallows (and to who).

**INTERROGATORY NO. 4.**   IDENTIFY the employees and/or managers of each Plaintiff most knowledgeable concerning the design, marketing, and sales metrics of Squishmallows. For each Plaintiff, please identity at least two persons as to each topic (design, marketing, and sales metrics) and provide a brief explanation as to their knowledge.

**INTERROGATORY NO. 5.**   IDENTIFY all instances that you contend reflect consumer confusion as between Snackles and Squishmallows, including as part of your answer an identification of any documents that you contend reflect such confusion.

**INTERROGATORY NO. 6.**   IDENTIFY the person or persons who designed each of the Squishmallows that are shown alongside Zuru products within the tables of any complaint you have filed in this action, explaining as part of your answer which Squishmallows each person designed, their job title(s), and providing all known current contact information for them.

**HIGHLIGHTED INFORMATION MUST BE MAINTAINED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:  (888) 775-0898

*Attorneys for Plaintiffs Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ZURU, LLC, <br><br> Defendant. | Case No. 2:23-cv-09255-MCS(AGRx) <br><br> Hon. Mark C. Scarsi <br><br> **PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-10)** |

PROPOUNDING PARTY:     DEFENDANT

RESPONDING PARTY:      PLAINTIFFS

TYPE:                  INTERROGATORIES

SET NO.:               ONE

relevancy, materiality, probative value, vagueness, ambiguity, overbreadth, and privilege. Furthermore, Plaintiffs make the Responses herein without in any way admitting or implying that they consider the Interrogatories or Responses thereto to be relevant or material to the subject matter of this action.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**:

IDENTIFY all Zuru products that Plaintiffs contend infringe upon Plaintiffs' intellectual property rights, and EXPLAIN IN DETAIL all legal and factual bases for those assertions of infringement.

**RESPONSE TO INTERROGATORY NO. 1**:

Plaintiffs object to the term "all legal and factual bases for those assertions of infringement" as improper, vague, and overly burdensome. Plaintiffs also object to this Interrogatory on the basis of relevance and proportionality to the extent Zuru seeks discovery that Plaintiffs may have potential claims against but are not the subject of this present litigation. Plaintiffs also object to this Interrogatory to the extent it seeks premature disclosure of expert opinions. Plaintiffs also object to the term "Zuru products" as vague and ambiguous, and to the definitions of "IDENTIFY" and "EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

Below are Plaintiffs' current identification of Zuru's infringing products that appear to be currently offered for sale to the public. Plaintiffs may supplement this Response as it learns about more infringing products at issue in this case during discovery.

<u>First</u>, Zuru's "Snackles" line of products infringes upon the Asserted Trade Dress in this case. Plaintiffs identified their Asserted Trade Dress in paragraphs 25 to

44 of the Third Amended Complaint (ECF 45) in this case.  Based on the information available to Plaintiffs at this time, at least the following "Snackles" products (including all sizes and other variations that bear substantially the same look) infringe the Asserted Trade Dress (the "Infringing Products"):

1. Abbie;

2. Barbra;

3. Baskin Robbins Mint Chip Penguin;

4. Boba Tea Capybara;

5. Chupa Chups Elephant;

6. Cinnabon Bunny;

7. Cinnabon Cinnamon Bun Hippo;

8. Dole Banana Monkey;

9. Dole Pineapple Sloth;

10. Fruit Loops Cereal Cow;

11. Fruit Loops Unicorn;

12. Gummy Bear Teddy Bear;

13. Heidi;

14. Hershey's Bear;

15. Hershey's Chocolate Dog;

16. Hershey's Cookies & Cream Shark;

17. Krispy Kreme Sprinkle Axolotl;

18. Jelly Belly Lamb;

19. Lily;

20. Lollipop Bunny Rabbit;

21. Lucas;

22. Maruchan Dog;

23. Mentos Hedgehog;

24. Mentos Hippo;

PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6707630

25.Mentos Mints Elephant;

26.Mike and Ike's Cow;

27.Mike and Ike's Sloth;

28.Penelope;

29.Pez Candy Cat;

30.Pringles Chips Bear;

31.Pringles Chicken;

32.Push Pop Unicorn;

33.Push Pops Sloth;

34.Ramen Noodles Axolotl;

35.Reese's Axolotl;

36.Reese's Peanut Butter Cup Dragon;

37.Riko;

38.Sandy;

39.Seth;

40.Small Size Snackle;

41.Sonic Burger Dog;

42.Sour Cream & Onion Pringles Caterpillar;

43.Spencer;

44.Subway Sandwich Husky;

45.Super-Sized Snackle;

46.Tabasco Dragon;

47.Tabasco Hot Sauce Chicken; and

48.Whitney.

The Infringing Products infringe the Asserted Trade Dress because a customer who views the Infringing Products is likely to be confused in assuming that the Infringing Products are associated with Plaintiffs' Squishmallows products that practice the Asserted Trade Dress. There is already significant evidence of actual

6707630

confusion, as evidenced by the comments about Snackles on social media, including customers who have indicated in reviews that they thought were purchasing "Squishamallows" when purchasing Snackles and other customers who have remarked that Snackles "look like Squishmallows" and are "[l]iterally a rip off of squishmallows." Additionally, based on Zuru's past practice of copying successful toy products, Plaintiffs contend that Zuru intentionally designed and released the Snackles products to copy the Asserted Trade Dress. Finally, likelihood of confusion is more likely because Infringing Products and certain Squishmallows practice the Asserted Trade Dress; the parties market and sell these products in the same channels; and the Asserted Trade Dress is a strong trade dress that consumers throughout the country associate with Squishmallows.

Second, the Zuru products identified in paragraph 111 of the Third Amended Complaint infringe Plaintiff Kelly Toys Holdings, LLC's ("Kelly Toys") copyrights, which are also identified in paragraph 111. (*See* ECF 45 at 49-51.) The identified Zuru products infringe Kelly Toys' identified copyrights because Zuru copied the copyright in making their products, Zuru was aware of the copyrighted Squishmallows products before and during the development of the Snackles designs, and there is a substantial similarity of the expression between the copyrighted Squishmallows products and the identified Zuru products. In addition, based on Zuru's past practice of copying successful toy products, Kelly Toys contends that Zuru intentionally designed and released the Snackles products that violate the identified copyrights.

**INTERROGATORY NO. 2**:

IDENTIFY and EXPLAIN IN DETAIL all categories of remedies that you purport to seek in this action, including your purported legal and factual justification for entitlement to each of such remedies, and a method of calculation and calculation of all categories of monetary remedies you claim to seek.

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiffs object to the term "purported legal and factual justification" as improper, vague, and overly burdensome.  Plaintiffs object to this Interrogatory as it seeks premature disclosure of expert opinions, including requests for calculations and methods of calculation.  Plaintiffs also object to the definitions of "IDENTIFY" and "EXPLAIN IN DETAIL" as overbroad and unduly burdensome.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

Plaintiffs may seek the following categories of remedies for Zuru's trade dress infringement:

1. Permanent injunction;
2. An award of Zuru's profits, either as a way of measuring Plaintiffs' loss or as unjust enrichment;
3. Discretionary increase to an award of Zuru's profits;
4. An award of Plaintiffs' actual damages and losses caused by Zuru's infringement;
5. Treble damages;
6. Corrective advertising needed to undo the confusion;
7. Reasonable attorney's fees and costs; and
8. Prejudgment and postjudgment interest.

Kelly Toys may seek the following categories of remedies for Zuru's copyright infringement:

1. Permanent injunction;
2. Kelly Toys' actual damages and losses, and any additional Zuru profits that are attributable to the infringement and are not taken into account in computing the actual damages;

6707630

**HIGHLIGHTED INFORMATION MUST BE MAINTAINED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

3. Impounding and disposition of infringing products;

4. Exemplary damages;

5. Reasonable attorney's fees and costs; and

6. Prejudgment and postjudgment interest.

Plaintiffs intend to disclose their method of calculation and calculation of all categories of monetary remedies during expert discovery.

**INTERROGATORY NO. 3**:

EXPLAIN IN DETAIL the separate roles of each Plaintiff (and any of their corporate affiliates) in the design, production, management, sales, marketing, branding, and advertising of Squishmallows. Your explanation should specifically include (but not be limited to), which Plaintiffs design Squishmallows, which entities are responsible for manufacturing Squishmallows, and which entities sell Squishmallows (and to who).

**RESPONSE TO INTERROGATORY NO. 3**:

Plaintiffs object to the term "separate roles" as vague and ambiguous. Plaintiffs also object to the request for information about "corporate affiliates" as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs also object to any request for information preceding the 2020 acquisition of the Squishmallows intellectual property rights as not within the possession, custody, or control of Plaintiffs. Plaintiffs also object to the definition of "EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

6707630

**HIGHLIGHTED INFORMATION MUST BE MAINTAINED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6707630

**HIGHLIGHTED INFORMATION MUST BE MAINTAINED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **INTERROGATORY NO. 4**:

2      IDENTIFY the employees and/or managers of each Plaintiff most

3  knowledgeable concerning the design, marketing, and sales metrics of Squishmallows.

4  For each Plaintiff, please identity at least two persons as to each topic (design,

5  marketing, and sales metrics) and provide a brief explanation as to their knowledge.

6  **RESPONSE TO INTERROGATORY NO. 4**:

7      Plaintiffs object to the terms "most knowledgeable" and "sales metrics" as used

8  in this Interrogatory as vague and ambiguous.  Plaintiffs also object to the demand for

9  "two persons" for "each topic" for "each Plaintiffs" as unnecessary, irrelevant, and

10  unworkable.  Plaintiffs also object to any request for information preceding the 2020

11  acquisition of the Squishmallows intellectual property rights as not within the

12  possession, custody, or control of Plaintiffs.  Plaintiffs object to the definition of

13  "IDENTIFY" as overbroad and unduly burdensome.  Plaintiffs also object to this

14  Interrogatory to the extent it seeks information protected by attorney client privilege,

15  attorney work product, and any other applicable privilege.

16      Subject to and incorporating the foregoing objections, Plaintiffs respond as

17  follows:



| Name | Title/Description of Role | Employer |
|------|---------------------------|----------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6707630

**HIGHLIGHTED INFORMATION MUST BE MAINTAINED AS HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY**



| Name | Title/Description of Role | Employer |
|------|--------------------------|----------|
|  |  |  |

**INTERROGATORY NO. 5**:

IDENTIFY all instances that you contend reflect consumer confusion as between Snackles and Squishmallows, including as part of your answer an identification of any documents that you contend reflect such confusion.

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiffs object to this Interrogatory as vague and ambiguous because it is unclear whether it is requesting information about all likelihood of confusion factors or just actual consumer confusion.  To the extent it is requesting information about all factors, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, and improperly compound with multiple discrete subparts.  Plaintiffs object to the definition of "IDENTIFY" as overbroad and unduly burdensome.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

Plaintiffs identify the consumer comments identified in pages 38 to 42 of the Third Amended Complaints as reflective of actual consumer confusion.  Plaintiffs will supplement this Response to identify documents pursuant to Federal Rule of Civil Procedure 33(d).

6707030

1  provide sufficient summary reports from that database that reflected the requested
2  information.

3  **RESPONSE TO INTERROGATORY NO. 10**:

4        Plaintiffs object to the request for information relating to "companies and
5  Retailers" per Squishmallows to the extent it is too burdensome to identify sales of any
6  individual Squishmallows per company or retailer.  Plaintiffs also object to the term
7  "profit" as vague and ambiguous.  Plaintiffs also object to any request for information
8  preceding the 2020 acquisition of the Squishmallows intellectual property rights as not
9  within the possession, custody, or control of Plaintiffs.  Plaintiffs object to the
10  definition of "IDENTIFY" as overbroad and unduly burdensome.  Plaintiffs also object
11  to this Interrogatory to the extent it seeks information protected by attorney client
12  privilege, attorney work product, and any other applicable privilege.

13        Subject to and incorporating the foregoing objections, Plaintiffs respond as
14  follows:

15        Plaintiffs will produce a document based on available financial information, and
16  then will supplement this Response pursuant to Federal Rule of Civil Procedure 33(d).

17

18

19  Dated:  September 6, 2024          **HUESTON HENNIGAN LLP**

20

21

22

23            By: _Sourabh Mishra_____

24              Sourabh Mishra

25              *Attorneys for Plaintiffs Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and  Jazplus, LLC*

26

27

28

6707130

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

On September 6, 2024, I served the foregoing document(s) described as:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES**

the interested parties in this action as stated below:

> Jean-Paul Ciardullo
> Ashley M. Koley
> Jonathan E. Moskin
> Foley and Lardner LLP
> 555 South Flower Street Suite 3300
> Los Angeles, CA 90071-2411
> T.: 213-972-4500
> F.: 213-486-0065
> E.: jciardullo@foley.com;
>     akoley@foley.com
>     jmoskin@foley.com

[X]  (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6, 2024, at Dana Point, California.

_____          _____
          Sourabh Mishra                                    *Sourabh Mishra*
        (Type or print name)                                (Signature)

PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6707630

1

### VERIFICATION

2    I, Katherine Tabor, declare:

3    I am an Associate General Counsel, Intellectual Property, of Jazwares, LLC

4  ("Jazwares"). I have been authorized by Jazwares, Kelly Toys Holdings, LLC, Kelly

5  Amusement Holdings, LLC, and Jazplus, LLC (together, "Plaintiffs") to make this

6  verification on behalf of, and for, Plaintiffs in compliance with Federal Rule of Civil

7  Procedure 33(b)(5).

8    I have read and reviewed the following document in *Kelly Toys Holdings,*

9  *LLC v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (C.D. Cal.):

10  • **PLAINTIFFS' RESPONSES AND OBJECTIONS TO ZURU, LLC'S**

11    **FIRST SET OF INTERROGATORIES (NOS. 1-10)**

12    Based on a review of information in the possession, custody, and control of

13  Plaintiffs, I confirm and verify that the discovery responses in the above-referenced

14  document contains information that is true and correct to the best of my knowledge,

15  information, and belief.

16

17    I declare under penalty of perjury that the foregoing is true and correct.

18

19    Executed on this 6th day of September, 2024.

20

21

22    Signed by:

      *Katherine Tabor*

      6AE70E00C0794CC...

23    Katherine Tabor

24

25

26

27

28

VERIFICATION RE PLAINTIFFS' RESPONSES TO ZURU ROGS, SET ONE

6530137

1  **HUESTON HENNIGAN LLP**
   Moez M. Kaba, State Bar No. 257456
2  mkaba@hueston.com
   Sourabh Mishra, State Bar No. 305185
3  smishra@hueston.com
   523 West 6th Street, Suite 400
4  Los Angeles, CA 90014
   Telephone:   (213) 788-4340
5  Facsimile:   (888) 775-0898

6  *Attorneys for Plaintiffs Kelly Toys*
   *Holdings, LLC; Jazwares, LLC; Kelly*
7  *Amusement Holdings, LLC; and*
   *Jazplus, LLC*

8

9             **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11                **WESTERN DIVISION**

12  KELLY TOYS HOLDINGS, LLC;        | Case No. 2:23-cv-09255-SRM(AGRx)
    JAZWARES, LLC; KELLY             |
13  AMUSEMENT HOLDINGS, LLC; and     | Hon. Serena R. Murillo
    JAZPLUS, LLC,                    |
14                                   | **PLAINTIFFS KELLY TOYS**
            Plaintiffs,              | **HOLDINGS, LLC, JAZWARES, LLC,**
15                                   | **KELLY AMUSEMENT HOLDINGS,**
        vs.                          | **LLC, AND JAZPLUS, LLC' S FIRST**
16                                   | **SUPPLEMENTAL RESPONSES AND**
    ZURU, LLC,                       | **OBJECTIONS TO ZURU, LLC'S**
17                                   | **FIRST SET OF INTERROGATORIES**
            Defendant.               | **(NOS. 1-2, 5, 9-10)**
18                                   |
19

20  PROPOUNDING PARTY:        ZURU, LLC

21
    RESPONDING PARTY:         PLAINTIFFS
22
    TYPE:                     INTERROGATORIES
23
    SET NO.:                  ONE (NOS. 1 - 10)
24

25

26

27

28

relevancy, materiality, probative value, vagueness, ambiguity, overbreadth, and privilege. Furthermore, Plaintiffs make the Responses herein without in any way admitting or implying that they consider the Interrogatories or Responses thereto to be relevant or material to the subject matter of this action.

### FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**:

IDENTIFY all Zuru products that Plaintiffs contend infringe upon Plaintiffs' intellectual property rights, and EXPLAIN IN DETAIL all legal and factual bases for those assertions of infringement.

**RESPONSE TO INTERROGATORY NO. 1**:

Plaintiffs object to the term "all legal and factual bases for those assertions of infringement" as improper, vague, and overly burdensome. Plaintiffs also object to this Interrogatory on the basis of relevance and proportionality to the extent Zuru seeks discovery that Plaintiffs may have potential claims against but are not the subject of this present litigation. Plaintiffs also object to this Interrogatory to the extent it seeks premature disclosure of expert opinions. Plaintiffs also object to the term "Zuru products" as vague and ambiguous, and to the definitions of "IDENTIFY" and "EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

Below are Plaintiffs' current identification of Zuru's infringing products that appear to be currently offered for sale to the public. Plaintiffs may supplement this Response as it learns about more infringing products at issue in this case during discovery.

<u>First</u>, Zuru's "Snackles" line of products infringes upon the Asserted Trade Dress in this case. Plaintiffs identified their Asserted Trade Dress in paragraphs 25 to

44 of the Third Amended Complaint (ECF 45) in this case. Based on the information available to Plaintiffs at this time, at least the following "Snackles" products (including all sizes and other variations that bear substantially the same look) infringe the Asserted Trade Dress (the "Infringing Products"):

1. Abbie;

2. Barbra;

3. Baskin Robbins Mint Chip Penguin;

4. Boba Tea Capybara;

5. Chupa Chups Elephant;

6. Cinnabon Bunny;

7. Cinnabon Cinnamon Bun Hippo;

8. Dole Banana Monkey;

9. Dole Pineapple Sloth;

10. Fruit Loops Cereal Cow;

11. Fruit Loops Unicorn;

12. Gummy Bear Teddy Bear;

13. Heidi;

14. Hershey's Bear;

15. Hershey's Chocolate Dog;

16. Hershey's Cookies & Cream Shark;

17. Krispy Kreme Sprinkle Axolotl;

18. Jelly Belly Lamb;

19. Lily;

20. Lollipop Bunny Rabbit;

21. Lucas;

22. Maruchan Dog;

23. Mentos Hedgehog;

24. Mentos Hippo;

25. Mentos Mints Elephant;

26. Mike and Ike's Cow;

27. Mike and Ike's Sloth;

28. Penelope;

29. Pez Candy Cat;

30. Pringles Chips Bear;

31. Pringles Chicken;

32. Push Pop Unicorn;

33. Push Pops Sloth;

34. Ramen Noodles Axolotl;

35. Reese's Axolotl;

36. Reese's Peanut Butter Cup Dragon;

37. Riko;

38. Sandy;

39. Seth;

40. Small Size Snackle;

41. Sonic Burger Dog;

42. Sour Cream & Onion Pringles Caterpillar;

43. Spencer;

44. Subway Sandwich Husky;

45. Super-Sized Snackle;

46. Tabasco Dragon;

47. Tabasco Hot Sauce Chicken; and

48. Whitney.

The Infringing Products infringe the Asserted Trade Dress because a customer who views the Infringing Products is likely to be confused in assuming that the Infringing Products are associated with Plaintiffs' Squishmallows products that practice the Asserted Trade Dress. There is already significant evidence of actual

6938663

confusion, as evidenced by the comments about Snackles on social media, including customers who have indicated in reviews that they thought were purchasing "Squishamallows" when purchasing Snackles and other customers who have remarked that Snackles "look like Squishmallows" and are "[l]iterally a rip off of squishmallows." Additionally, based on Zuru's past practice of copying successful toy products, Plaintiffs contend that Zuru intentionally designed and released the Snackles products to copy the Asserted Trade Dress. Finally, likelihood of confusion is more likely because Infringing Products and certain Squishmallows practice the Asserted Trade Dress; the parties market and sell these products in the same channels; and the Asserted Trade Dress is a strong trade dress that consumers throughout the country associate with Squishmallows.

Second, the Zuru products identified in paragraph 111 of the Third Amended Complaint infringe Plaintiff Kelly Toys Holdings, LLC's ("Kelly Toys") copyrights, which are also identified in paragraph 111. (See ECF 45 at 49-51.) The identified Zuru products infringe Kelly Toys' identified copyrights because Zuru copied the copyright in making their products, Zuru was aware of the copyrighted Squishmallows products before and during the development of the Snackles designs, and there is a substantial similarity of the expression between the copyrighted Squishmallows products and the identified Zuru products. In addition, based on Zuru's past practice of copying successful toy products, Kelly Toys contends that Zuru intentionally designed and released the Snackles products that violate the identified copyrights

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

Plaintiffs object to the term "all legal and factual bases for those assertions of infringement" as improper, vague, and overly burdensome. Plaintiffs also object to this Interrogatory on the basis of relevance and proportionality to the extent Zuru seeks discovery that Plaintiffs may have potential claims against but are not the subject of this present litigation. Plaintiffs also object to this Interrogatory to the extent it seeks premature disclosure of expert opinions. Plaintiffs also object to the term "Zuru

products" as vague and ambiguous, and to the definitions of "IDENTIFY" and "EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

Below are Plaintiffs' current identification of Zuru's infringing products that appear to be currently offered for sale to the public. Plaintiffs may supplement this Response as it learns about more infringing products at issue in this case during discovery.

<u>First</u>, Zuru's "Snackles" line of products infringes upon the Asserted Trade Dress in this case. Plaintiffs identified their Asserted Trade Dress in paragraphs 25 to 44 of the Third Amended Complaint (ECF 45) in this case. Based on the information available to Plaintiffs at this time, at least the following "Snackles" products (including all sizes and other variations that bear substantially the same look) infringe the Asserted Trade Dress (the "Infringing Products"):

1. Krispy Kreme Sprinkles Axotol (Abbie);
2. Jelly Belly Lamb (Barbra);
3. Baskin Robbins Mint Chip Penguin (Penelope);
4. Baskin Robbins Unicorn (Marty)
5. Boba Tea Capybara (Spencer);
6. Chupa Chups Elephant (Lottie);
7. Cinnabon Bunny (Britney);
8. Cinnabon Cinnamon Bun Hippo (Hugh);
9. Dole Banana Monkey (Riko);
10. Dole Pineapple Sloth (Sandy);
11. Fruit Loops Cereal Cow (Daisy);
12. Fruit Loops Unicorn (Richard);

- 7 -

13. Fruit-tell Tucan (Sally);

14. Gummy Bear Teddy Bear (Nancy);

15. Mentos Hedgehog (Heidi);

16. Hershey's Bear (Terry);

17. Hershey's Chocolate Dog (Benji);

18. Hershey's Cookies & Cream Shark (Seth);

19. Jelly Belly Lamb (Barbra);

20. Jelly Belly Bunny (Flossy);

21. Kung Fu Bubble Tea Cow (Bonnnie);

22. Krispy Kreme Sprinkle Axolotl (Abbie);

23. Lollipop Bunny Rabbit (Britney);

24. Lucas;

25. Maruchan Dog (Benji);

26. Mentos Hedgehog (Heidi);

27. Mentos Hippo (Hugh);

28. Mentos Mints Elephant (Lottie);

29. Mike and Ike's Cow (Daisy);

30. Mike and Ike's Sloth (Susie);

31. Baskin Robbins Mint Chip Penguin (Penelope);

32. Panda Express Panda (Andy);

33. Pez Candy Cat (Luna);

34. Pringles Chips Bear (Terry);

35. Pringles Chicken (Dani);

36. Pringles Axolotyl (Leon);

37. Push Pop Unicorn (Richard);

38. Push Pops Sloth (Susie);

39. Ramen Noodles Axolotl (Albie);

40. Reese's Axolotl (Albie);

KELLY TOYS HOLDINGS, LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6938663

41. Reese's Peanut Butter Cup Dragon (Felix);

42. Riko;

43. Sandy;

44. Seth;

45. Small Size Snackle;

46. Sonic Burger Dog (Lucas);

47. Sonic Burger Shark (William);

48. Sour Cream & Onion Pringles Caterpillar / Shrimp (Lily);

49. Subway Corgi (Shaun);

50. Boba Tea Capybara (Spencer);

51. Subway Sandwich Husky (Nigel);

52. Subway Platypus (Whitney);

53. Super-Sized Snackle;

54. Tabasco Dragon (Felix);

55. Tabasco Hot Sauce Chicken (Dani); and

56. Whitney.

The Infringing Products infringe the Asserted Trade Dress because a customer who views the Infringing Products is likely to be confused in assuming that the Infringing Products are associated with Plaintiffs' Squishmallows products that practice the Asserted Trade Dress. There is already significant evidence of actual confusion, as evidenced by the comments about Snackles on social media, including customers who have indicated in reviews that they thought were purchasing "Squishamallows" when purchasing Snackles and other customers who have remarked that Snackles "look like Squishmallows" and are "[l]iterally a rip off of squishmallows," and conversations between the Jazwares sales team and consumers who believed that Snackles were Squishmallows. Additionally, based on Zuru's past practice of copying successful toy products and internal Zuru emails demonstrating Zuru's intent to copy the likeness of Squishmallows (including ZURU-0001329 and

6938663

ZURU-0001570), Plaintiffs contend that Zuru intentionally designed and released the Snackles products to copy the Asserted Trade Dress. Finally, likelihood of confusion is more likely because Infringing Products and certain Squishmallows practice the Asserted Trade Dress; the parties market and sell these products in the same channels; and the Asserted Trade Dress is a strong trade dress that consumers throughout the country associate with Squishmallows.

Second, the Zuru products identified in paragraph 111 of the Third Amended Complaint infringe Plaintiff Kelly Toys Holdings, LLC's ("Kelly Toys") copyrights, which are also identified in paragraph 111. (See ECF 45 at 49-51.) The identified Zuru products infringe Kelly Toys' identified copyrights because Zuru copied the copyright in making their products, Zuru was aware of the copyrighted Squishmallows products before and during the development of the Snackles designs, and there is a substantial similarity of the expression between the copyrighted Squishmallows products and the identified Zuru products. In addition, based on Zuru's past practice of copying successful toy products internal Zuru emails demonstrating Zuru's intent to copy the likeness of Squishmallows (including ZURU-0001329 and ZURU-0001570), Kelly Toys contends that Zuru intentionally designed and released the Snackles products that violate the identified copyrights.

**INTERROGATORY NO.2**:

IDENTIFY and EXPLAIN IN DETAIL all categories of remedies that you purport to seek in this action, including your purported legal and factual justification for entitlement to each of such remedies, and a method of calculation and calculation of all categories of monetary remedies you claim to seek.

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiffs object to the term "purported legal and factual justification" as improper, vague, and overly burdensome. Plaintiffs object to this Interrogatory as it seeks premature disclosure of expert opinions, including requests for calculations and methods of calculation. Plaintiffs also object to the definitions of "IDENTIFY" and

6938663

"EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows: Plaintiffs may seek the following categories of remedies for Zuru's trade dress infringement:

1. Permanent injunction;

2. An award of Zuru's profits, either as a way of measuring Plaintiffs' loss or as unjust enrichment;

3. Discretionary increase to an award of Zuru's profits;

4. An award of Plaintiffs' actual damages and losses caused by Zuru's infringement;

5. Treble damages;

6. Corrective advertising needed to undo the confusion;

7. Reasonable attorney's fees and costs; and

8. Prejudgment and postjudgment interest.

Kelly Toys may seek the following categories of remedies for Zuru's copyright infringement:

1. Permanent injunction;

2. Kelly Toys' actual damages and losses, and any additional Zuru profits that are attributable to the infringement and are not taken into account in computing the actual damages;

3. Impounding and disposition of infringing products;

4. Exemplary damages;

5. Reasonable attorney's fees and costs; and

6. Prejudgment and postjudgment interest.

Plaintiffs intend to disclose their method of calculation and calculation of all categories of monetary remedies during expert discovery.

6938663

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2</u>**:

Plaintiffs object to the term "purported legal and factual justification" as improper, vague, and overly burdensome. Plaintiffs object to this Interrogatory as it seeks premature disclosure of expert opinions, including requests for calculations and methods of calculation. Plaintiffs also object to the definitions of "IDENTIFY" and "EXPLAIN IN DETAIL" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows: Plaintiffs may seek the following categories of remedies for Zuru's trade dress infringement:

9.    Permanent injunction;

10.    An award of Zuru's profits, either as a way of measuring Plaintiffs' loss or as unjust enrichment;

11.    Discretionary increase to an award of Zuru's profits;

12.    An award of Plaintiffs' actual damages and losses caused by Zuru's infringement including costs incurred as a result of Zuru's infringement (e.g., increased advertising spends, markdown and/or promotional payments to retailers, and unanticipated retailer customer returns);

13.    Treble damages;

14.    Corrective advertising needed to undo the confusion;

15.    Reasonable attorney's fees and costs; and

16.    Prejudgment and postjudgment interest.

Kelly Toys may seek the following categories of remedies for Zuru's copyright infringement:

7.    Permanent injunction;

8.    Kelly Toys' actual damages and losses, including costs incurred as a result of Zuru's infringement (e.g., increased advertising spends and

increased markdown and/or promotional payments to retailers) and any additional Zuru profits that are attributable to the infringement and are not taken into account in computing the actual damages;

9.  Impounding and disposition of infringing products;

10. Exemplary damages;

11. Reasonable attorney's fees and costs; and

12. Prejudgment and postjudgment interest.

Plaintiffs also incorporate by reference the deposition testimony of Herb Mitschele, Nelson Rodriguez, and Gerhard Runken regarding the damages, losses, and harms suffered by Plaintiffs as a result of Zuru's infringement.

Plaintiffs intend to disclose their method of calculation and calculation of all categories of monetary remedies during expert discovery.

**INTERROGATORY NO. 5**:

IDENTIFY all instances that you contend reflect consumer confusion as between Snackles and Squishmallows, including as part of your answer an identification of any documents that you contend reflect such confusion.

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiffs object to this Interrogatory as vague and ambiguous because it is unclear whether it is requesting information about all likelihood of confusion factors or just actual consumer confusion. To the extent it is requesting information about all factors, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, and improperly compound with multiple discrete subparts. Plaintiffs object to the definition of "IDENTIFY" as overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product, and any other applicable privilege.

Subject to and incorporating the foregoing objections, Plaintiffs respond as follows:

6938663

1    Plaintiffs identify the consumer comments identified in pages 38 to 42 of the
2   Third Amended Complaints as reflective of actual consumer confusion. Plaintiffs will
3   supplement this Response to identify documents pursuant to Federal Rule of Civil
4   Procedure 33(d).

5   **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5</u>**:

6    Plaintiffs object to this Interrogatory as vague and ambiguous because it is
7   unclear whether it is requesting information about all likelihood of confusion factors
8   or just actual consumer confusion. To the extent it is requesting information about all
9   factors, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome,
10  and improperly compound with multiple discrete subparts. Plaintiffs also object to this
11  Interrogatory as unduly burdensome to the extent it requests "all" instances of actual
12  confusion. Plaintiffs object to the definition of "IDENTIFY" as overbroad and unduly
13  burdensome. Plaintiffs also object to this Interrogatory to the extent it seeks
14  information protected by attorney client privilege, attorney work product, and any
15  other applicable privilege.

16   Subject to and incorporating the foregoing objections, Plaintiffs respond as
17  follows:

18   Jazwares employees had conversations with consumers who believed that
19  Snackles were Squishmallows, including, in particular, the sales teams.

20   In addition, Plaintiffs identify the consumer comments identified in pages 38 to
21  42 of the Third Amended Complaints as reflective of actual consumer confusion.
22  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs also identify the following
23  documents:  PLFS_00176983–PLFS_00178781; PLFS_00180787; PLFS_00180791;
24  PLFS_00180784; PLFS_0180514–PLFS_0180599, as well as all other publicly-
25  available documents indicating that consumers who purchased Snackles believed that
26  they were purchasing Squishmallows.   In addition, Zuru produced documents
27  revealing that retailers, such as Costco and Target, believed that Snackles and
28  Squishmallows were too close in design.

1       Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs identify the

2  following document: PLFS_00178839.

3

4  Dated:  March 17, 2025            HUESTON HENNIGAN LLP

5

6                         By: *Sourabh Mishra*

7                         Sourabh Mishra

8                         *Attorneys for Plaintiffs Kelly Toys*

9                         *Holdings, LLC; Jazwares, LLC; Kelly*

                           *Amusement Holdings, LLC; and Jazplus,*

10                        *LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLY TOYS HOLDINGS, LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO ZURU, LLC'S FIRST SET OF INTERROGATORIES

6938663

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On March 17, 2025, I served the foregoing document(s) described as:

**PLAINTIFFS KELLY TOYS HOLDINGS, LLC, JAZWARES, LLC, KELLY AMUSEMENT HOLDINGS, LLC, AND JAZPLUS, LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-2, 5, 9-10)** the interested parties in this action as stated below:

> Jean-Paul Ciardullo
> Ashley M. Koley
> Jonathan E. Moskin
> Foley and Lardner LLP
> 555 South Flower Street Suite 3300
> Los Angeles, CA 90071-2411
> T.: 213-972-4500
> F.: 213-486-0065
> E.: jciardullo@foley.com;
>     akoley@foley.com
>     jmoskin@foley.com
>
> *Attorneys for Defendant Zuru, LLC*

[X]  (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 17, 2025, at Los Angeles, California.

_____        _____
       Sonia Gaeta                                              (Signature)
    (Type or print name)

6938663

1

**VERIFICATION**

2

I, Herb Mitschele, declare:

3

I am the Executive Vice President, Global Sales and Planning, of Jazwares,

4

LLC ("Jazwares").  I have been authorized by Jazwares, Kelly Toys Holdings, LLC,

5

Kelly Amusement Holdings, LLC, and Jazplus, LLC (together, "Plaintiffs") to make

6

this verification on behalf of, and for, Plaintiffs in compliance with Federal Rule of

7

Civil Procedure 33(b)(5).

8

I have reviewed the following document in *Kelly Toys Holdings, LLC v. Zuru,*

9

*LLC*, Case No. 2:23-cv-09255-MCS-AGR (C.D. Cal.):

10

11

- **PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ZURU, LLC'S FIRST SET OF INTERROGATORIES;**

12

13

14

- **PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ZURU, LLC'S SECOND SET OF INTERROGATORIES;**

15

16

17

- **PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ZURU, LLC'S THIRD SET OF INTERROGATORIES; AND**

18

Based on information in the possession, custody, and control of Plaintiffs and

19

their representatives, I confirm and verify that the discovery responses in the above-

20

referenced document contains information that is true and correct to the best of my

21

knowledge, information, and belief.

22

I declare under penalty of perjury that the foregoing is true and correct.

23

24

Executed on this 17th day of March, 2024.

25

26

_____

27

Herb Mitschele

28

VERIFICATION RE PLAINTIFFS' RESPONSES TO ZURU ROGS

6530137